```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PAUL GORDON AZZARA,            )
         Petitioner,           )
                               )
     v.                        )  C.A. No. 05-10553-NMG
                               )
DAVID WINN,                    )
         Respondent.           )
```

## MEMORANDUM AND ORDER

For the reasons set forth below, the Petitioner's *ex parte* Motion for an Order enjoining FMC Devens from force feeding him after he commences a hunger strike on April 12, 2005 is Denied. Petitioner's request for an Order releasing him from the Special Housing Unit ("SHU") at FMC Devens is Denied, and this action is dismissed in its entirety.

## BACKGROUND

On October 22, 2004, Petitioner Paul Azzara, a prisoner at FMC Devens, in Ayer, MA, filed a *pro se* complaint under 42 U.S.C. §1983[1] and 28 U.S.C. §2241, alleging, *inter alia*, Eighth Amendment violations, and seeking immediate injunctive relief to get him out of segregation (i.e., the Special Housing Unit ("SHU") a/k/a "the "hole"). The case was assigned Civil Action No. 04-40220-NMG.

On December 14, 2004 a Memorandum and Order issued in

---

[1] The Court construed this action as a Bivens claim. Bivens v. Six Unknown Agents of the FBN, 403 U.S. 388 (1971).

that action, directing Petitioner to either pay the filing fee or file a completed Application to proceed *in forma pauperis*, accompanied by his prison account statement, as required by 28 U.S.C. §1915(b), and to show cause why the action should not be dismissed for the reasons stated therein, including the failure to state a claim upon which relief could be granted. The Court also declined to consider any §2241 habeas petition and instructed the Petitioner to file a separate petition delineating his habeas claims.

Subsequently, on January 27, 2005, Petitioner sought to include a claim for sleep deprivation by prison officials. The Court declined to consider that claim in Civil Action No. 04-40220-NMG and advised Petitioner that such action needed to be asserted in a separate civil complaint, which was also subject to the filing fee requisites.

On February 14, 2005, this Court dismissed Civil Action No. 04-40220-NMG for the failure of Azzara to pay the filing fee or seek a waiver thereof, and for failure to show good cause why the action should not be dismissed.

On March 15, 2005, Petitioner filed a document he described as a petition for writ of habeas corpus under 28 U.S.C. §2241, which incorporated a request for emergency injunctive relief. In that document, Petitioner advised that

he had unsuccessfully attempted to exhaust remedies with respect to transfer out of the special housing unit ("SHU") and sought this Court's assistance in ordering a transfer out of the SHU into the general population or transfer to another facility (Petitioner is not held in the SHU for disciplinary action but allegedly is held as a threat to another inmate). Petitioner also sought *ex parte* emergency relief to enjoin the prison from force feeding him, indicating he plans to go on a "hunger strike" commencing April 12, 2005 (the six month anniversary of his placement in the SHU).  In anticipation that the prison would seek a court order within 72 hours of his hunger strike, Petitioner seeks an order "in hand before the B.O.P. attempts this so I can nonviolently protest these conditions." (Petition, page 4, ¶5).

The March 15, 2005 filing is treated as a petition for writ of habeas corpus under 28 U.S.C. §2241, and as such, is dismissed for the reasons stated below.

## ANALYSIS

I. <u>Petitioner Must Either Pay the Filing Fee or Submit a Completed Application for Waiver thereof</u>

Petitioner has been advised on at least two prior occasions that a prisoner filing a civil action in this Court must either (1) pay the filing fee for such actions ($5.00 for

a habeas petition or $250 for a civil action) or (2) file an application to proceed *in forma pauperis* with a certified prison account statement.  See 28 U.S.C. §1915 (proceedings *in forma pauperis*); Rule 3 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to other habeas petitions).

Azzara has previously failed to comply with this Court's directives with respect to the filing fee issues. Indeed, Civil Action No. 04-40220-NMG was dismissed in part, for failure to comply with this directive. His further attempts at this juncture to obtain relief from this Court without compliance with those directives cannot be sanctioned. Accordingly, this action shall be dismissed, for failure to either pay the filing fee or seek a waiver thereof.

II. Petitioner's Claims re: Force Feeding are more properly raised in a civil action and not a habeas petition.

A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution. Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001); accord, United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000) (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same);

4

<u>Calvache v. Benov</u>, 183 F. Supp. 2d 124, 126 (D. Mass. 2001). In contrast, a prisoner's challenge which does not effect the fact or the duration of confinement, but rather the "conditions" of confinement (i.e. the manner in which the prisoner serves the sentence), are more properly raised in the civil rights context.

Here, Azzara has filed a habeas petition under §2241, encompassing his claims regarding force feeding. Since these claims do not effect, or would not alter, the fact of his custody, or the duration of the sentence to be served by him, these claims are not properly raised in a habeas petition, and are more properly raised in the civil rights context. As such, should Azzara wish to raise the force-feeding claims, he must first commence a civil action in accordance with Federal Rule of Civil Procedure 3, which requires the filing of a Complaint. The Complaint must allege the basis for the jurisdiction of this Court, identify the defendant(s) from whom relief is sought, and state the cause of action upon which relief is sought, and in all respects the Complaint should comport with Rule 8(a) of the Federal Rules of Civil Procedure. He must also fulfill the requisites noted above with respect to the filing fee issues.

III. <u>The motion for ex parte order enjoining force feeding is Denied</u>.

Notwithstanding the failure to file a civil complaint, the Court nevertheless considers the Azzara's ex parte emergency request for an order enjoining FMC Devens or the Bureau of Prisons from force feeding him after he commences his hunger strike on April 12, 2005, and such request is hereby Denied.

A party seeking a preliminary injunction bears the burden of demonstrating (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) that the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction. <u>See</u> <u>Narragansett Indian Tribe, et al., v. Guilbert</u>, 934 F.2d 4, 5 (1st Cir. 1991). The Court will not construe Azzara's motion for emergency relief as a request for a preliminary injunction because preliminary injunctions may <u>not</u> be issued without notice to the adverse party, and the motion has not been served on the defendants. <u>See</u> Fed. R. Civ. P. 65(a)(1). The Court will construe the request for injunctive relief solely as a motion for an <u>ex parte</u> restraining order. <u>See</u> Fed. R. Civ. P. 65(b).

The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders. <u>Levesque v. State of Maine</u>, 587 F.2d 78, 80 (1st Cir. 1976); <u>accord</u> <u>Latin American Music</u>

Co. v. Cardenas Fernandez & Assoc., Inc. No. 00-1443, 2001 WL 196742, at *1 n. 2 (1st Cir. Feb. 23, 2001) (same); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).

A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Id.[2] Further, the party's attorney (or the party himself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Id.

As an initial matter, Azzara has not certified his efforts to

---

[2]Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

give notice to the named defendants in this action.  The failure to do so is grounds in and of itself for denial of the motion.  See Thompson v. Ramirez,  597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).  Since Petitioner is seeking anticipatory injunctive relief for the consequences of a self-imposed hunger strike which he concedes he will not commence until April 12, 2005, he cannot demonstrate that *ex parte* relief is necessary.

More importantly, however, at this juncture, Petitioner has not demonstrated a likelihood of success on the merits.  Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is not eligible for interim injunctive relief.  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

Courts have upheld as constitutional the force-feeding of a prisoner who has gone on a hunger strike, notwithstanding assertions of violations of the prisoner's First, Fourteenth, and Eighth Amendment rights, in accordance with Bureau of Prison regulations. See, e.g., Martinez v. Turner,  977 F.2d 421, 423 (8th Cir.1992) cert. denied Martinez v. Turner, 507 U.S. 1009 (1993) and appeal after remand Martinez v. Turner, 121 F.3d

712 (8th Cir. 1997)(reversing and remanding on other grounds)(rejecting constitutional challenge to decision by prison officials to force-feed an inmate in order to preserve his health after a hunger strike).

> The mere allegation of forced-feeding does not describe a constitutional violation. The Bureau of Prisons regulations authorize medical officers to force-feed an inmate if they determine that the inmate's life or permanent health is in danger. *See* 28 C.F.R. §549.60-549.66 (1991).

Martinez, 977 F.2d at 423.  See also In re Soliman, 134 F. Supp. 2d 1238 (N.D. Al. 2001)(discussing constitutionality of force-feeding INS detainee, under First Amendment (protected speech and Right to Privacy interests) versus legitimate peneological objectives of government in force-feeding procedures).

Accordingly, for the above reasons, the Petitioner's motion for injunctive relief is denied.

IV.   Petitioner's request for release from the SHU is denied.

To the extent that Azzara's habeas petition is also premised on the request for this Court to intervene in the Bureau of Prison's decision to keep him in the SHU (since his exhaustion attempts were unsuccessful), the petition is Denied.  First, this matter has already been unsuccessfully litigated in the context of Civil Action No. 04-40220-NMG.  As

noted in that action, Azzara does not have a due process protected liberty interest in remaining in the general population. See Helms, 459 U.S. at 468 (1983) (inmate has no liberty interest in avoiding "administrative" (non-punitive) segregation from the general prison population); Montanye v. Haymes, 427 U.S. 236, 242 (1976) (as long as the conditions of confinement to which prisoner is subjected are within the sentence imposed and are not otherwise violative of the Constitution, Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight); See also Sandin v. Connor, 515 U.S. 472 (1995)(prisoner's liberty interests "will generally be limited to freedom from restraint which ...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")  Id. at 484 (emphasis added).

    With respect to the request for transfer to another facility in order to get out of the SHU, courts have held that absent a statutory or constitutional right to be in a facility, a prisoner has no right to compel prison officials to effectuate a transfer to another facility, and there is no liberty interest or due process right to a prison transfer. See, e.g., Burr v. Duckworth, 547 F. Supp. 192 (N.D. Ind. 1982), affirmed 746 F.2d 1482 (7th Cir. 1984); Nash v. Black,

10

781 F.2d 665 (8th Cir. 1986); <u>Maxton v. Johnson</u>, 488 F. Supp. 1030 (D.S.C. 1980)[3].

In light of the above, Petitioner's claims in this regard are dismissed.

CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. The above captioned matter is DISMISSED.

2. The motion for an *ex parte* order enjoining FMC Devens/Bureau of Prison from force feeding the Petitioner after he commences a hunger strike, is Denied.

3. If Azzara wishes to raise claims of constitutional deprivations in connection with the force-feeding issues, he shall file a civil action in accordance with Federal Rule of Civil Procedure 3, which requires the filing of a Complaint. Additionally, if the Petitioner files a Complaint, he shall also pay the $250.00 filing fee, or file an Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement. An initial partial filing fee shall be assessed, with further installment payments to be made in accordance with 28 U.S.C. §1915(b). Any such Complaint shall be assigned a new docket number and randomly assigned to a District Judge pursuant to Local Rule 40.1.

---

[3]Courts have differed as to whether requests by prisoners for transfer to another facility due to safety concerns should be raised as a habeas petition or a civil rights action. Some courts have held that a prisoner's demand for transfer is <u>not</u> an appropriate form of relief under §2241 because it does not challenge the fact or duration of confinement, but rather the "conditions" of confinement, and as such, is more properly raised in the civil rights context. Other courts have held that a §2241 petition may be used since it involves the physical movement of the prisoner from one location to another. Here, safety concerns are not raised by Azzara as a grounds for transfer and the Court need not resolve this issue in the context of this case.

Dated at Boston, Massachusetts, this 22nd day of March, 2005.

                                    <u>/s/ Nathaniel M. Gorton</u>
                                    NATHANIEL M. GORTON
                                    UNITED STATES DISTRICT JUDGE